## BILLS *v.* VOSE.

In replevin, if there be any affirmative issue on the plaintiff, he is entitled to begin.

Upon a recaption after a pound breach, the costs are the same as those upon the original impounding, and the defendant and the poundkeeper are limited to the fees specified in §§ 19, 20 and 21, ch. 137 Rev. Stat.

In replevin, the defendant alleged that the lawful additional costs of a recaption were $17,73, and that they were not included in a tender that had been made by the plaintiff. The plaintiff rejoined that the lawful additional costs were included, but he did not deny that the sum specified was the lawful sum. *Held,* that on the principle that in pleading, whatever is not denied is admitted, the question whether this was the lawful sum could not be inquired into.

In replevin, a tender after the writ is put into the hands of the sheriff for service, absolutely, is not sufficient to maintain the suit.

REPLEVIN, for certain cows.

The defendant avowed and justified the taking, because, as he said, the close was his soil and freehold, and the cows were doing damage therein, and he impounded them in the public pound, in Amherst, on the fifth of September, 1849, and left with the pound keeper an estimate of the damage done, and the amount of the fees for impounding, and within twenty-four hours from the time of impounding, delivered to the plaintiff a notice in writing, describing the cows, stating the estimate of the damage done, the amount of fees, the time and place when and where it was done, and the place of impounding, and concluded with a verification.

The plaintiff pleaded that the defendant ought not to avow, &c., because after the impounding, to wit, on the twelfth day of September, 1849, he tendered to the defendant the sum of $1,50, the amount claimed for the damage done, and also the sum of $9,50, the amount of the legal charges for impounding, which he refused to accept, and to discharge the cows from the pound, and so unjustly detained them, and concluded with a verification.

To this the defendant replied, denying the tender, and tendering an issue to the country, which was joined.

To this plea, the defendant replied, secondly, that after the cows were impounded, they were delivered out of the pound without lawful authority, on the 6th of September, and on the 11th day of September, and within six days, were retaken by Stiles, the pound keeper, and again impounded, and in the recaption additional costs were incurred by the pound keeper, amounting to the sum of $17,73, and the tender was made after the additional costs were incurred, which were not included in the tender mentioned in the first plea in bar, and concluded with a verification.

The plaintiff rejoined, alleging that the lawful additional costs of the recaption were included in the amount of the tender mentioned in his plea in bar, and tendered an issue to the country, which was joined.

The plaintiff pleaded, secondly, that the defendant ought not to avow, &c., because after the impounding, to wit, on the 12th day of September, he tendered to Stiles, the pound keeper, the sum of $1,50 for the damage, and $9,50, being the amount of the legal charges incurred about the impounding, which he refused to accept and discharge the cows, and so they were unjustly detained.

To this the defendant replied, denying the tender as alleged, and tendering an issue to the country, which was joined.

He also replied, secondly, that he ought not to be barred, &c., because after the cows were impounded, they were without lawful authority delivered out of the pound on the 6th day of September, 1849, and afterwards, on the 11th day of September, and within six days after they were so unlawfully taken, retaken by the pound keeper, and again impounded. And in the recaption certain lawful additional costs were incurred, amounting to the sum of $17,73, and the tender was made after the costs were so incurred, and

they were not included in the amount of the tender, and concluded with a verification.

The plaintiff rejoined, alleging that the lawful additional costs of the recaption were included in the amount of the tender, upon which issue was joined.

The defendant contended that upon the pleadings, seventeen dollars and seventy-three cents must be deemed the true amount of the lawful additional costs for retaking and impounding the cattle after the pound breach, that the tender of a smaller sum could not avail anything, or else that the lawful fees of retaking and again impounding were what the jury should think a reasonable sum for the labor and expense, but the court ruled that the defendant and the pound keeper were limited to the fees specified in sections 19, 20 and 21 of chapter 137 of the Revised Statutes, and that the plaintiff was at liberty to show that the lawful fees and costs were less than $17,73.

The defendant objected to the tender, because it was after the writ had been made and placed in the sheriff's hands for service. Upon this point the jury were instructed that if the writ was put into the sheriff's hands for service, absolutely and unconditionally, a tender after that time would not sustain this suit; but if placed there to be used only after a tender, and in case the cattle should not then be given up, it would not defeat the tender.

The defendant contended that he had a right to the close, but the court ruled otherwise.

The jury found for the plaintiff upon the issues in relation to the tender to the defendant, and for the defendant upon the other issues.

The defendant moved that the verdict be set aside, because of the said rulings and instructions, and both parties asked for judgment for damages and costs.

*Morrison* and *Wadleigh,* for the plaintiff.

*Wallace* and *Stevens*, for the defendant.

GILCHRIST, C. J.   In answer to the avowry, the plaintiff pleads a tender of the two sums of $1,50, and $9,50, to the defendant, and to Stiles, each, on the 12th of September, on which issue is joined.

The replication alleges a pound breach on the 6th of September, a recaption on the 12th of September, and additional costs, amounting to the sum of $17,73, not included in the tender to the defendant, or to Stiles.

The rejoinder alleges that the lawful additional costs were included, on which issue is joined.

The defendant contends that he has a right to the close.

In replevin, if there be any affirmative issue on the plaintiff, he is entitled to begin.   *Curtis* v. *Wheeler*, 1 M. & M. 493.   In considering which party ought to begin, it is not so much the form of the issue which is to be regarded as the substance and effect of it, and the judge will consider what is the substantial fact to be made out, and on whom it lies to make it out.   *Seward* v. *Leggett*, 7 C. & P. 613; *Belknap* v. *Wendell*, 1 Foster's Rep. 375.   In this case the affirmative of both issues is on the plaintiff, and he has the right to begin and close.

As to the costs, the sum allowed for sustenance of creatures impounded and for the cows in this case, is fifteen cents per day each.   Rev. Stat. ch. 137 § 19.

The pound keeper's fees are five cents each for the cows, and the same fees in case they are retaken after pound breach.   Rev. Stat. ch. 137 § 20.

The fees to the person impounding are particularly specified, and then follows this clause, " and the same fees in case of creatures retaken after pound breach."   Rev. Stat. ch. 137 § 21.

It thus appears that the costs upon a recaption are the same as those incurred upon the impounding, and the whole costs are made up by the addition of the two bills of costs.

The court ruled that the defendant and the pound keeper were limited to the costs specified in the statute, and that the plaintiff was at liberty to show that the lawful fees and costs were less than the sum of $17,73, and this ruling was correct.

The jury found that the tender to the defendant was made as the plaintiff alleged. As here was a recaption, the amount of the tender should have been a sum equal to the costs of the impounding, with the same sum in addition for the costs of the recaption. It does not appear what the fees were, or how the sum of $9,50 was made up.

The question, then, seems to be whether, under the pleadings, it was open to inquiry what the lawful additional costs were. The defendant alleges that they were $17,73, and that they were not included in the tender. The plaintiff rejoins that the lawful additional costs were included, but he does not deny that this was the lawful sum. Upon the principle that whatever is not denied in pleading is admitted, the question whether this was the lawful sum cannot be inquired into.

This does away with the effect of the verdict upon the tender of the two sums of $1,50 and $9,50, for there was a recaption and there were additional costs, which on the pleadings must be taken to be the sum of $17,73. But in order to inquire into this, the pleadings must be amended.

The instruction of the court in relation to the tender made after the writ was put into the hands of the sheriff, was, in our opinion, correct.

In order that the pleadings may be amended, we shall direct the

*Verdict set aside.*